Randall S. D. Jacobs
Randall S. D. Jacobs, PLLC
30 Wall Street, 8th Floor
New York, New York 10005-3817
Tel: (212) 709-8116
Fax: (973) 226-3301
rsdjacobs@chapter11esq.com
*Attorney for Debtor*
*and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE

ZOLTAN KAROLY KOVACS,

          Debtor in Possession.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 18-75875

Chapter 11

## DEBTOR'S RULE 1007-4 AFFIDAVIT

STATE OF NEW YORK,   }
                             } ss.:
COUNTY OF SUFFOLK.  }

      Zoltan Karoly Kovacs, being duly sworn, deposes and says as follows:

      1.     I am the debtor-in-possession (the "**Debtor**") herein and reside at 87 Castle Hill Court, Southampton, NY 11968. I am currently employed in the construction and renovation business by Walker Ridge Construction, LLC.[1] with my twin brother, debtor-in-possession Peter G. Kovacs.[2] Our business, Walker Ridge Construction, <u>Inc</u>. ceased operations last year.

---

    [1]     This entity is owned by Zoltanne Kovacs, my mother.

    [2]     My brother Peter and I simultaneously filed for relief under chapter 11 of the U S Bankruptcy Code on August 30, 2018 under case Nos. 18-75874 and 75875.

00041239.2

## BACKGROUND

2. The circumstances leading to the Debtor filing under chapter 11 are as follows:

3. Adam Weis, a multimillionaire real estate investor, entered confessed judgments against my brother and me on February 23, 2016, in the County of New York, under Index No. 650908/16 in the amount of at least $4,360,275 and on June 1, 2016 for an additional $1.1 Million (the "**Confessed Judgment**s") aggregating in excess of $5 million.[3]

4. We brought an action against Weis in the Supreme Court of the State of New York, County of New York, on the grounds that he had fraudulently induced my brother and I into executing personal guarantees (the "**Guarantees**") and confessions of judgment (the"**Confessions**") (collectively the "**Personals**") in two complex real estate transactions involving 30 Thompson Street, New York, NY (the "**Thompson Street Project**") and 9 Minetta Street, New York, NY (the "**Minetta Street Project**") (collectively, the "**Properties**") in which *we otherwise had no financial investment or liability* and during which Plaintiffs were never represented by legal counsel.

5. From a position of superior economic strength, expertise and knowledge, Weis demanded egregious terms and conditions for short-term loans to Erin Wicomb and Joseph Ferrigno, the project developers and their companies (the "**Mavrix Developers**") in the amount of $4.3 million to complete their development of the Thompson Street Project and $1.1 million

---

[3] The Confessed Judgments were:
    a. <u>30 Thompson AW Holdings LLC v. Erin Wicomb, Joseph Ferrigno Zoltan Kovacs and Peter Kovacs</u>, bearing Index No. 650908/16 (the "Thompson Action"),
    b. <u>9 Minetta Holdings AW LLC v. Erin Wicomb, Joseph Ferrigno, Zoltan Kovacs and Peter Kovacs,</u> bearing Index No. 652901/16 (the "Minetta Action").

to complete the Minetta Street Project; in so doing, Defendant dictated the structure of both Properties' transactions providing himself, through his lending entities, with complete control of the created ownership entity (the "**Joint Ventures**") and over market interest rates of *18%* on the loans further enhanced with terms and conditions which precluded any dilution of Weis' equity interests regardless of the investment.

6. To further benefit Weis, he fraudulently induced my brother and me, admittedly *without benefit of counsel*, to execute the Personals on the basis of Defendants' multiple and continuing oral misrepresentations that they would not hold Plaintiffs personally liable.

7. Thereafter, without the knowledge, participation or consent of my brother or me, the Mavrix Developers literally absconded and embezzled an estimated minimum of $2 million in cash remaining in the Projects' bank accounts leaving the Joint Ventures without sufficient cash with which to complete their acquisition and development of the Properties.

8. A criminal complaint was filed against the Mavrix Developers and upon information and belief, the individuals were arrested and charged in California and presently await trial in New York. Both my brother and I as well as Weis, cooperated with the Manhattan District Attorney's office which is currently prosecuting the Mavrix Developers.

9. Moreover, because of Weis's overreaching control of the Joint Ventures and prohibitive economic structure, the Projects were unable to be salvaged by any third party investment. In particular, Weis's uneconomical Loan terms, refusal to allow any third party to acquire an equity interest in the Joint Ventures effectively prevented any opportunity to refinance them, because of Weis' refusal to be diluted under any circumstances. Thus, upon the Mavrix's

theft of the Joint Ventures' cash, the Projects were doomed to failure: in fact, both Projects were subsequently foreclosed upon by their respective contract vendors.

10. Thereafter, without a day in court with counsel to defend us, my brother and me became Judgment-Debtors upon Weis' entry of the Confessed Judgments for more than $5 million despite Weis's repeated representations that they would not to do so and notwithstanding that neither I nor my brother profited by one dollar from the Joint Ventures, the Properties or the Mavrix Developers' embezzlement.

11. Finally, Weis issued restraining notices to my brother and me as Judgment Debtors precluding any transfer, disposition or resale of any of the Properties at issue precluding any effort to sell them and mitigate damages. As a direct result, my brother and I became personally liable to Weis's investment entities for more than $5 million.

12. My brother and I finally retained counsel and immediately sought relief by filing a Complaint in state court seeking relief against such Judgments and obtaining an order to show cause and TRO on August 25, 2016 staying Weis.

13. On August 31, 2016, at a hearing on the TRO both my brother and I and Weis's entities agreed to the following mutual restraints enabling us to both continue in business and to pay our personal living expenses while Weis was enjoined as requested; the Court ordered that pending the hearing of our order to show cause, the parties *agreed:*

    a. that plaintiffs would not dispose of assets other than in the ordinary course of business and for living expenses; and that the Defendants and their agents were:

    b. temporarily restrained from all acts, actions or proceedings, against Plaintiffs to collect or enforce the Confessed Judgments in this action, the New York County

Actions and a Suffolk County Action or any other action or proceeding in the State of New York to collect or enforce the Confessed Judgments.

14. By so ruling, the court determined that we were entitled to the TRO and Defendants were likewise protected by that portion of the same Order which limited our business activities so as "not dispose of assets other than in the ordinary course of business."

15. Significantly, *no undertaking was initially required by the Court at the time the TRO was issued.* Nearly a year later, the state court summarily vacated the TRO, dismissed the action we had brought against Weis allowing Weis to execute on his Confessed Judgments.

16. A summary of the Debtors' assets and liabilities will be filed as Schedules within the statutory period.

17. Neither my brother nor I own or operate Walker Ridge Construction, LLC.

18. None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, except for his interest in a $100,000 bond posted as security for the TRO issued against the Weis Defendants.

19. The Debtor owns a single asset of realty as indicated in Schedule A of the Petition, which is currently being renovated by my brother and I.

20. The legal actions pending against my brother and I are for money damages listed in the Statement of Financial Affairs, answers to question No. 7 to be filed shortly, as well as some current but outstanding New York State and IRS taxes.

/s/ *Zoltan Karoly Kovacs*
Zoltan Karoly Kovacs

Sworn to before me this ____
day of September, 2018

/s/ _____
Notary Public

00041239.2