**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
               :

IN RE                          :

                          :

       ZOLTAN KAROLY KOVACS,       :

                          :

          Debtor in Possession.  :

                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Case No. 18-75875**

Chapter 11

## MOTION TO CONVERT CASE UNDER 11 U.S.C. § 1112(b)

TO:    THE HONORABLE LOUIS A. SCARCELLA,
        UNITED STATES BANKRUPTCY JUDGE:

        Zoltan Karoly Kovacs, the Debtor and Debtor in Possession (the "Debtor") in the

above-captioned chapter 11 case (the "Chapter 11 Case") moves on an expedited basis for entry

of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"),

pursuant to §1112(a) of title 11 of the United States Code (the "Bankruptcy Code"), to convert

this Chapter 11 Case to Chapter 7. In support of the Motion, the Debtor respectfully represents as

follows:

### I.     JURISDICTION AND VENUE

        1.      The United States Bankruptcy Court for the Eastern District of New York (the

"Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

        2.      Venue of these cases and this Motion is proper in this Bankruptcy Court pursuant

to 28 U.S.C. §§ 1408 and 1409.

        3.      The statutory predicate for the relief requested herein is Bankruptcy Code

§1112(a).

00041861.3

## II.    PROCEDURAL BACKGROUND

4.      On August 30, 2018, (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, intending to renovate and sell his property and house located in Southampton, New York to fund a liquidating plan. The Debtor intended to move to renovate his sole real estate property, primarily for the benefit of the Debtors' prepetition secured lender, Rodeo Capital, LLC which would also inure to the benefit of all his creditors including his prepetition judgment creditors 30 AW Thompson Street, LLC and 9 Minetta Holdings AW LLC.

5.      However, the Debtor was unable to secure any cooperation from his judgment creditors, both of which are owned by the same sole shareholder, Adam Weis. To his credit, the Debtor saw the handwriting on the wall and has acknowledged that he does not have sufficient creditor support or the resources to propose a plan or any reason to remain in chapter 11.

6.      The Debtor owned and operated a renovation and construction business with his twin brother, Peter Kovacs (also a chapter 11 debtor in possession in a separate case) Walker Ridge Construction, Inc., which went out of business in 2017.The Debtor has become an employee of another business.

7.      The Debtor owns a single real estate asset as indicated in Schedule A of the Petition, although the house on the property is incomplete and in need of substantial renovation.

8.      No request for the appointment of a trustee or an examiner has been made in the Cases and no committees have been appointed or designated.

00041861.3                              - 2 -

9.    The Debtor no longer maintains active business operations and has only continued ownership of his property for the purpose of maximizing the value of the Debtor's assets, resolving certain claims and winding down his affairs for the benefit of the Debtor's creditors.

10.    The Debtor's remaining assets include, primarily, a pending cause of action to enforce a contract to purchase real property in Brooklyn, New York (sujbect however to a prior motion for summary judgment by the first priority mortgagee) and a claim for return of 50% of the $100,000 in cash posted for a TRO Bond in the Supreme Court of the State of New York in a now fully adjudicated litigation against his judgment creditors.

11.    The Debtor has determined that the interest of all creditors will best be served by converting this Chapter 11 Case to case under Chapter 7 of the Bankruptcy Code so that a Chapter 7 trustee may investigate and pursue his assets to maximize recoveries while reducing the continuing costs of the administration of the estate.

### III.    FACTUAL BACKGROUND

12.    The circumstances leading to the Debtor filing under chapter 11 are as follows:

13.    Adam Weis, a multimillionaire real estate investor, entered confessed judgments against the Debtor and his brother Peter on February 23, 2016, in the County of New York, under Index No. 650908/16 in the amount of at least $4,360,275 and on June 1, 2016 for an additional $1.1 Million (the "**Confessed Judgment**s") aggregating in excess of $5 million.[1]

---

[1]The Confessed Judgments were entered as follows:

      a.      30 Thompson AW Holdings LLC v. Erin Wicomb, Joseph Ferrigno Zoltan Kovacs and Peter Kovacs, bearing Index No. 650908/16, and

      b.      9 Minetta Holdings AW LLC v. Erin Wicomb, Joseph Ferrigno, Zoltan Kovacs and Peter Kovacs, bearing Index No. 652901/16.

14.    The Debtor and is brother Peter brought an action in the Supreme Court of the State of New York, County of New York, on the grounds that Weis had fraudulently induced the Debtor and his brother Peter into executing personal guarantees (the "**Guarantees**") and confessions of judgment (the"**Confessions**") (collectively the "**Personals**") in two complex real estate transactions involving the abortive purchase of two Manhattan properties located at 30 Thompson Street, New York, NY (the "**Thompson Street Project**") and 9 Minetta Street, New York, NY (the "**Minetta Street Project**") (collectively, the "**Properties**"), respectively, in which the Debtor and his brother Peter otherwise had no financial investment or liability and during which the Debtor and his brother Peter were never represented by legal counsel.

15.    From a position of superior economic strength, expertise and knowledge, Weis demanded egregious terms and conditions for short-term loans to the project developers Erin Wicomb and Joseph Ferrigno and their companies (collectively, the "**Mavrix Developers**") in the amount of $4.3 million to complete their development of the Thompson Street Project and $1.1 million to complete the Minetta Street Project; in so doing, Weis dictated the structure of both Properties' transactions providing himself, through his lending entities, with complete control of the created ownership entities (the "**Joint Ventures**"), above market interest rates of 18% on the loans further enhanced with terms and conditions which precluded any dilution of Weis' equity interests regardless of any further or other investment.

16.    The Debtor and his brother Peter alleged that Weis fraudulently induced them, admittedly *without benefit of counsel*, to execute the Personals on the basis of Weis's multiple and continuing oral misrepresentations that he would not hold Plaintiffs personally liable.

17.     Thereafter, without the knowledge, consent or participation of the Debtor and his brother Peter, the Mavrix Developers embezzled and absconded with an estimated minimum of $2 million in cash remaining in the Projects' bank accounts leaving the Joint Ventures without sufficient cash with which to complete their acquisition and development of the Properties.

18.     The State of New York indicted the Mavrix Developers and upon information and belief, they were arrested in California and presently await trial in New York. The Debtor and his brother Peter as well as Weis, cooperated with the Manhattan District Attorney's office which is currently prosecuting the Mavrix Developers.

19.     Moreover, because of Weis's effective complete control of the Joint Ventures and prohibitive economic structure, the Projects were unable to be salvaged by any third party investment. In particular, Weis's uneconomical Loan terms, refusal to allow any third party to acquire an equity interest in the Joint Ventures effectively prevented any opportunity to refinance them, because of Weis' refusal to be diluted under any circumstances. Thus, upon the Mavrix Developers theft of the Joint Ventures' remaining cash, the Projects were doomed to complete failure: in fact, both Projects were subsequently foreclosed upon by their respective contract vendors.

20.     Thereafter, without a day in court with counsel to defend the Debtor and his brother Peter, they became Judgment-Debtors upon Weis' entry of the Confessed Judgments for more than $5 million (now closer to an estimated $6 million) despite Weis's repeated representations that he would not to do so and notwithstanding that neither the Debtor and his brother Peter profited by one dollar from the Joint Ventures, the Properties or the Mavrix Developers' embezzlement.

21.     Finally, Weis issued restraining notices to the Debtor and his brother Peter as Judgment-Debtors precluding any transfer, disposition or resale of any of the Properties at issue precluding any effort to sell them and mitigate damages. As a direct result, the Debtor and his brother Peter became personally liable to Weis's investment entities for more than $5 million.

22.     The Debtor and his brother Peter finally retained counsel and immediately sought relief by filing a Complaint in state court seeking relief against the Judgments. The Supreme Court of the State of New York issued an order to show cause and TRO on August 25, 2016 staying Weis from enforcing the Judgments.

23.     On August 31, 2016, at a hearing on the TRO both the Debtor and his brother Peter agreed with Weis's entities to the following mutual restraints enabling them to both continue in business and to pay their personal living expenses while Weis was enjoined as requested; the Court ordered that pending the hearing of our order to show cause, the parties agreed:

    a.      that plaintiffs would not dispose of assets other than in the ordinary course of business and for living expenses; and that the Defendants and their agents were:

    b.      temporarily restrained from all acts, actions or proceedings, against Plaintiffs to collect or enforce the Confessed Judgments in this action, the New York County Actions and a Suffolk County Action or any other action or proceeding in the State of New York to collect or enforce the Confessed Judgments.

24.     By so ruling, the court determined that the Debtor and his brother Peter were entitled to the TRO and Defendants were likewise protected by that portion of the same Order

which limited their business activities so as "not dispose of assets other than in the ordinary course of business."

25.     Significantly, no undertaking was initially required by the Court at the time the TRO was issued.

26.     However, nearly a year later, the state court summarily vacated the TRO, dismissed the action against Weis granting Weis's Joint Ventures permission to execute on the Confessed Judgments.

27.     A summary of the Debtor's assets and liabilities was filed with his Schedules within the statutory period.

28.     None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, except for his 50% interest in a $100,000 bond posted as security for the TRO issued against the Weis Joint Ventures.

## IV.     RELIEF REQUESTED

29.     By this Motion, and pursuant to §1112(a) of the Bankruptcy Code, the Debtor respectfully requests the entry of an order (the "Order"), the proposed form of which is attached hereto as **Exhibit A**: (i) converting this Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code effective as of the date of the entry of the Order; and (ii) directing the U.S. Trustee to appoint a Chapter 7 trustee.

## V.     BASIS FOR RELIEF REQUESTED

30.     The Debtor has few assets, no operating business to save and cannot propose a feasible plan of reorganization. Accordingly, the Debtor believes that he has no alternative but to

convert its Chapter 11 proceeding to Chapter 7 pursuant to §1112(a) of the Bankruptcy Code, which provides:

> a.     The debtor may convert a case under this chapter to a cause under chapter 7 of this title unless —
>
> > (1)     the debtor is not a debtor in possession;
> > (2)     the case originally was commenced as an involuntary case under this chapter; or
> > (3)     the case was converted to a cause under this chapter other than on the debtor's request.
> > 11 U.S.C. §1112(a).

31.     The legislative history for §1112(a) states that this subsection "gives the debtor the absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case." *In re Schuler*, 119 B.R. 191, 192 (Bankr. W.D. Mo. 1990) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 117 (1978)). Other courts have also suggested that, provided the exceptions set forth in section 1112(a) do not exist, a debtor has an absolute right to convert its case from Chapter 11 to Chapter 7. See *In re Texas Extrusion Corp.*, 884 F.2d 1142, 1161 (5th Cir. 1988); *In re Marrill Alarm Systems, Inc.*, 100 B.R. 606, 607 (Bankr. S.D. Fla. 1989); *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (Section 1112(a) "gives the debtor an absolute right to convert").

32.     As a threshold matter, none of the limitations provided in section 1112(a) on a debtor's right to convert is present because:

> a.     the Debtor is a debtor in possession,

> b.     the case was commenced by filing a voluntary petition for relief,

and

> c.     there have been no prior conversions.

33.     Furthermore, no extreme or unusual circumstances exist that would warrant denial of this Motion.

34.     This Application has been filed in good faith, and the Debtor is eligible for relief under the chapter for which conversion is requested.

35.     In addition, the Debtor currently cannot formulate and seek confirmation of a Chapter 11 plan as he has no equity in his Southampton property and his pending cause of action may or may not have any value and likely will take a long time to liquidate. It is the Debtor's judgment that in the particular circumstances of these Chapter 11 cases, the goal of maximizing the net recoveries to creditors will best be achieved through an orderly process that may be administered by a Chapter 7 trustee.

## VI.    NOTICE

36.     Notice of this Applicaton will be given to the following parties, or in lieu thereof, to their counsel: (i) Office of the United States Trustee, U.S. Federal Office Building, Attn.: Alfred M. Dimino, Esq., Trial Attorney, EDNY, U S. Courthouse, 560 Federal Plaza, Central Islip NY 11722, (ii) Counsel for Rodeo Capital, LLC Michael Bonneville, Esq., at mbonneville@-kandfllp.com, Stuart Kossar, Esq., at skossar@kandfllp.com, Robin Lau at rlau@kandfllp.com, or at Kriss & Feuerstein LLP, 360 Lexington Avenue, Suite 1200, New York, NY 10017, (iii) Macco & Stern, LLP, Attn: Cooper J. Macco, Esq., 2859 Express Drive South, Suite 109, Islandia, NY 11740 counsel to Judgement Creditors 30 Thompson AW Holdings, LLC and 9 Minetta AW Holdings, LLC, (iv) all other and creditors and persons having filed notice of appearance Bankruptcy Rule 2002 and (v) all other known creditors without

duplication. In light of the nature of the relief requested in this Motion, the Debtor submits that

no other or further notice appropriate.

      **WHEREFORE**, the Debtor respectfully request that the Court enter the Proposed Order,

in substantially in the form attached as **Exhibit A** granting the relief requested in the Motion and

such other and further relief as may be just and proper.

Dated: November 8, 2018
      New York, New York

            RANDALL S. D. JACOBS, PLLC

            By:  /s/ *Randall S. D. Jacobs*
               Randall S. D. Jacobs
            *Office and Post Office Address*
            30 Wall Street, 8th Floor
            New York, New York 10005
            Tel.: (212) 709-8116
            Fax: (973) 226-8897
            rsdjacobs@chapter11esq.com
            *Attorneys for the Debtor and*
               *Debtor in Possession*

00041861.3